Dear Representative Westfall:
This office has learned that some confusion may have been created by Opinion Letter No. 63, written in response to your question concerning the applicability of the prevailing wage law to projects involving tuckpointing and waterproofing of an existing brick building. In that letter, as you may recall, we concluded that the answer to your question turned on whether the work constituted "major repair" pursuant to § 290.210(1), RSMo 1978. We further stated that the resolution of such a factual question was within the jurisdiction of the Department of Labor and Industrial Relations under § 290.240, RSMo 1978. The referred-to confusion apparently arose from this latter statement because that sentence did not set out which agency within the Department of Labor and Industrial Relations was responsible for making the factual determination.
Section 290.240 generally provides that the Department of Labor and Industrial Relations shall enforce the prevailing wage statutes. That section also provides that the Department may establish rules and regulations for carrying out the provisions of §§ 290.210 to 290.340. The Department has promulgated such a rule, 8 CSR 30-3.010, in which it has placed responsibility for enforcing prevailing wage provisions with the Division of Labor Standards. Thus, the Division of Labor Standards is the entity within the Department of Labor and Industrial Relations which makes the determination as to whether a particular public project constitutes "major repair" pursuant to § 290.210(1) or "maintenance work" pursuant to § 290.210(4).
We are enclosing a copy of 8 CSR 30-3.010 for your perusal. We hope this additional information helps to clarify the position expressed in Opinion Letter No. 63.
Very truly yours,
 JOHN ASHCROFT Attorney General
 Title 8 — DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS Division 30 — Division of Labor Standards Chapter 3 — Prevailing Wage Law Rules
8 CSR 30-3.010 Prevailing Wage Rates for Public Funded Projects
 PURPOSE: This rule sets forth prevailing wage requirements relative to work performed by workmen on public funded projects.
(1) All public bodies of the state of Mo. contemplating construction work must obtain from the division a determination of the prevailing hourly rate of wages in the locality (wage determination) which is applicable to such construction. The rates so determined shall be incorporated in the contract specifications and made a part thereof, except that construction contracts of the State Highway Commission need not list specific wage rates to apply, but may refer to the wage rates contained in the appropriate General Wage Orders issued by the division, as applicable.
(2) Request for wage determinations shall be initiated at least thirty calendar days before advertisement of the specifications for the contract for which the determination is sought. An exception from this provision will be made by the division only upon a proper showing of extenuating circumstances. The division has prepared and printed Form No. PW-1, for use in making a request. Said form may be secured by writing Division of Labor Standards, P. O. Box 449, Jefferson City, Mo.
(3) A separate request must be filed for each separate project by the public body, except the State Highway Commission, which will be furnished prevailing wage determinations under General Wage Orders. One public body cannot use the wage determinations made by this department for another public body even though both public bodies are located in the same county. Special wage determinations issued by the division only apply to the public body and its project described in the special wage determination.
(4) [EDITORS' NOTE: FIRST LINE OF TEXT IN ORIGINAL PHOTOCOPY ILLEGIBLE.] awarded for completion of the project within 120 calendar days from the date of the original determination. If the determination becomes void the public body must request a new wage determination before proceeding with the project. This provision shall not apply to the General Wage Order issued by the division for the State Highway Commission.
(5) It should be understood by all interested parties that the certified prevailing wage rates determined by the division are minimum wage rates. The contractor may not pay less than the prevailing wage rates determined by the division for the project or contract awarded to him as set forth in the proposal on which he submitted his bid. Employees are free to bargain for a higher rate of pay, and employers are free to pay a higher rate of pay.
(6) Where classification of workmen, not included in the original contract, are desired, the public body shall request the division to issue a determination of the prevailing hourly rate of wages in the appropriate localities. In such cases, it shall be the responsibility of the public body to make such an arrangement with the contractor as would result in compliance with such wage determinations, as though they were a part of the original contract.
(7) The public body shall make such examination of the payrolls and other records of each contractor or subcontractor as may be necessary to assure compliance with the provisions of the law. In connection with such examinations, particular attention should be given to the correctness of classifications, and any disproportionate employment of any workmen. Such examinations shall be of such frequency as may be necessary to assure conformity with the provisions of the law. An examination shall be made after the project has been substantially completed, but prior to the acceptance of the affidavit as required by section290.290 RSMo. If any violation of sections290.210 to 290.340 RSMo is discovered by the inspecting public body, it is their duty under section290.250 RSMo to withhold and retain from payments to the contractor all sums and amounts due and owing as a result of any violation. Any violation shall be immediately reported to the Division of Labor Standards at P. O. Box 449, Jefferson City, Mo. 65101 or by telephone.